JUDGE KATHLEEN CARDONE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| OPTIMUM SOLAR USA, an Unknown Business Entity Located in Austin, Texas, and MISAEL GUZMAN | § |
| | § |
| Defendants. | § |

EP23CV0273

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, a resident of the Western District of Texas, and was present in Texas for all automated text messages, in this case in El Paso County, Texas.

2. Defendant OPTIMUM SOLAR USA ("Optimum") is an unknown business entity operating from an address at 1812 Centre Creek Drive, Suite 215, Austin, Texas 78754, and can be served via founder and principal owner Misael Guzman, 11600 Hollister Drive, Austin, Texas 78739.

3. Defendant MISAEL GUZMAN is a natural person, resident of Texas, principal owner of Optimum Solar USA, personally participated in the phone calls and can be served at 11600 Hollister Drive, Austin, Texas 78739.

**JURISDICTION AND VENUE**

4. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's

1

TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

5. This Court has general personal jurisdiction over Defendant Optimum because Defendant Optimum maintains its general place of business in Texas.

6. This Court has general personal jurisdiction over Defendant Guzman because Defendant Guzman is a Texas resident.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas when Plaintiff received every single unauthorized call from Defendants is the subject matter of this lawsuit.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone

line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

11.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

12.  Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

13.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

14.  According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15.  The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16.  The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18.     The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

19.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

21. Plaintiff personally and successfully registered his phone number ending in 4604 to the National Do-Not-Call Registry ("DNC") in December 2007.

22. Defendant Optimum and Defendant Guzman offer solar panel services.

23. Plaintiff received at least thirteen (19) unauthorized calls to his personal cell phone ending in 4604 from Defendants Optimum from May 2, 2023, to May 11, 2023, soliciting solar panel installation.

24. Plaintiff received a series of telemarketing phone calls from an offshore telemarketer who identified himself as "Jordan."

25. Plaintiff has outlined each of the phone calls in Table A.

26. Call # 1 and Call# 2. On May 2, 2023, Plaintiff received two missed phone calls from the phone number 862-362-5001 approximately one minute apart.

27. Call # 3. On May 2, 2023, Plaintiff received a phone call from phone number 862-362-5001. Plaintiff answered the phone and an offshore telemarketer falsely identified himself as "Jordan from green home solar." Plaintiff disconnected the call.

28. Call # 4. On May 5, 2023, Plaintiff received a phone call from phone number 862-362-5001. Plaintiff answered the phone and an offshore telemarketer falsely identified himself as "Jordan from green home solar." Plaintiff disconnected the call.

29. Calls 5-17. Between May 5, 2023, and May 8, 2023, Plaintiff received 13 missed phone calls from phone number 862-362-5001.

30. Call #18. On May 8, 2023, Plaintiff received a phone call that displayed 862-362-5001 on the caller identification. Plaintiff answered the phone and "Jordan from green home solar" was on the call. Jordan set an appointment with Plaintiff for Optimum Solar for a solar panel

consultation.

31. Plaintiff set an appointment with "Jordan" after receiving approximately 18 phone calls and Plaintiff felt harassed because of the constant phone calls.

32. On or about May 9, 2023, Defendant Guzman called Plaintiff with the phone number 210-441-2733 displayed on the caller identification. Plaintiff answered the phone and Defendant Guzman stated to Plaintiff he was calling to verify the appointment set by the "call center."

33. On or about May 11, 2023, Defendant Guzman sent Plaintiff a text message stating, "Hi Brandon! This is Misael from Optimum Solar. We spoke briefly a couple of days ago after my call center spoke toy (sic) and you mentioned that you would be getting back to me to set up an appointment."

34. The telemarketers continued to call Plaintiff between May 11, 2023, and May 22, 2023. Those calls are not a part of this Complaint because, on May 11, 2023, Plaintiff had indicated to Guzman he was interested in solar for the purposes of determining who was having the offshore telemarketer call Plaintiff.

35. On May 22, 2023, Plaintiff had a Zoom meeting with Defendant Guzman. During the Zoom meeting, Defendant Guzman asked Plaintiff if the telemarketers were polite. Plaintiff said "yes" and asked Guzman where the telemarketers were located. Guzman said the telemarketers were offshore.

36. Each and every alleged call Plaintiff received from the offshore telemarketer was from the phone number 862-362-5001.

37. The offshore telemarketer called Plaintiff as many as ten (10) times in one day. On May 5, 2023, the offshore telemarketer called Plaintiff six (6) times in one minute.

38. Defendant Guzman personally participated in the solicitation by directly making both

solicitation phone calls and text messages.

39. Each and every call at issue in this Complaint is a solicitation call marketing solar panel installation.

40. Table A shows the calls sent to Plaintiff by Defendants Optimum and Guzman.

TABLE A:

| **Number** | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| 1. | 05/02/2023 | 11:26 AM | 862-362-5001 | Missed Call |
| 2. | 05/02/2023 | 11:27 AM | 862-362-5001 | Missed call |
| 3. | 05/02/2023 | 12:51 PM | 862-362-5001 | Jordan from green home solar |
| 4. | 05/05/2023 | 10:06 AM | 862-362-5001 | Jordan from green home solar |
| 5. | 05/05/2023 | 2:24 PM | 862-362-5001 | Missed call |
| 6. | 05/05/2023 | 2:24 PM | 862-362-5001 | Missed call |
| 7. | 05/05/2023 | 2:24 PM | 862-362-5001 | Missed call |
| 8. | 05/05/2023 | 2:24 PM | 862-362-5001 | Missed call |
| 9. | 05/05/2023 | 2:24 PM | 862-362-5001 | Missed call |
| 10. | 05/05/2023 | 2:25 PM | 862-362-5001 | Missed call |
| 11. | 05/05/2023 | 4:17 PM | 862-362-5001 | Missed call |

| | | | | |
|---|---|---|---|---|
| **12.** | 05/05/2023 | 4:18 PM | 862-362-5001 | Missed call |
| **13.** | 05/08/2023 | 11:16 AM | 862-362-5001 | Missed call |
| **14.** | 05/08/2023 | 11:16 AM | 862-362-5001 | Missed call |
| **15.** | 05/08/2023 | 12:15 PM | 862-362-5001 | Missed call |
| **16.** | 05/08/2023 | 12:16 PM | 862-362-5001 | Missed call |
| **17.** | 05/08/2023 | 12:20 PM | 862-362-5001 | Missed call |
| **18.** | 05/08/2023 | 12:57 PM | 862-362-5001 | Set an Appointment with the telemarketer |
| **19.** | 05/09/2023 | 10:44 AM | 210-441-2733 | Guzman called to confirm the appointment |

41. Plaintiff did not have a preexisting relationship with Defendants, had never been a customer of Defendants nor had ever applied for solar panels or any other accounts with Defendants.

42. Defendants placed multiple unauthorized phone calls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2007, which violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

43. No emergency necessitated any of the alleged calls.

44. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE**

## CALLS

45. Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

46. Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

47. Defendants' calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

48. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

49. The calls were to Plaintiff's personal cell phone ending in 4604 which he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 16 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## COUNT ONE:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

**(Against All Defendants)**

50. Plaintiff incorporates the preceding paragraphs 1-49 as if fully set forth herein.

51. The foregoing acts and omissions of Defendant EIP and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a

consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

52. Defendant Optimum and/or their agents, called Plaintiff's private residential telephone which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the alleged calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

53. Plaintiff was statutorily damaged at least thirteen (13) times under 47 U.S.C. § 227(c)(3)(F) by Defendant Optimum's calls described above, in the amount of $500 per call.

54. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

55. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violates the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1,500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against Defendants for nineteen (19) calls;

E.  An award to Mr. Callier of damages, as allowed by law under the TCPA;

F.  An award to Mr. Callier of interest, and costs, as allowed by law and equity;

G.  Such further relief as the Court deems necessary, just, and proper;

July 21, 2023,                                                    Respectfully submitted,

*[signature]*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com