IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON L CALLIER, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-273-KC |
| | § | |
| OPTIMUM SOLAR USA and MISAEL GUZMAN, | § | |
| | § | |
|   Defendants. | § | |

# ORDER ADOPTING AND SUPPLEMENTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On this day, the Court considered the above-captioned case. On February 12, 2024, the Court referred Plaintiff's Corrected Motion for Default Judgment ("Motion"), ECF No. 12, to United States Magistrate Judge Miguel A. Torres pursuant to 28 U.S.C. § 636(b) for proposed findings of fact and recommendations. Feb. 12, 2024, Text Order. On March 21, 2024, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 13, recommending that the Motion be denied. *Id.* at 16. For the reasons below, the R&R is **ADOPTED** as supplemented by this Order.

## I.   DISCUSSION

### A.   Standard

#### 1.   Report and Recommendation

Parties have fourteen days from service of a Report and Recommendation of a United States Magistrate Judge to file written objections. *See* 28 U.S.C. § 636(b)(1)(C).[1] Over fourteen days have elapsed since all parties that have appeared were served with the R&R, and no

---

[1] Federal district courts conduct de novo review of those portions of a report and recommendation to which a party has objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

objections have been filed.  When parties do not file written objections, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review to a report and recommendation.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

  **2.**  **Default judgment**

  The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  After the clerk enters default, a party may move for a default judgment.  *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  A court enters default judgment only if there is "a sufficient basis in the pleadings for the judgment entered."  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).  In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8.  *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).  Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Factual allegations made in a pleading must only "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'"  *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

  **B.**  **Analysis**

  A recitation of the pertinent facts may be found in the R&R.  R&R 1–3.  Plaintiff asserts claims against Defendants Optimum Solar USA ("Optimum Solar") and Misael Guzman for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Compl. ¶¶ 50–55, ECF No. 1.

### 1. Claims against Optimum Solar

The Magistrate Judge recommends denying the Motion as to Plaintiff's claims against Optimum Solar because "Plaintiff has not made out a *prima facia* case that . . . an agency relationship exists to support personal jurisdiction over" Optimum Solar.  R&R 10.  Concluding that the Magistrate Judge's finding that Plaintiff failed to allege an agency relationship between Optimum Solar and the offshore telemarketer is not clearly erroneous nor contrary to law, the Court adopts that unobjected-to finding.  *See Wilson*, 864 F.2d at 1221.

### 2. Claims against Misael Guzman

The Magistrate Judge recommends denying the Motion as to Plaintiff's claims against Guzman because the one call he alleges was made by Guzman himself—the nineteenth call— was "made with [Plaintiff's] prior express permission or invitation," and thus falls outside the TCPA's purview.  R&R 14–16; *see* Compl. ¶¶ 30–32, 40.  Concluding that the Magistrate Judge's finding that the nineteenth call falls outside the scope of the TCPA's prohibitions is not clearly erroneous nor contrary to law, the Court adopts that unobjected-to finding.  *See Wilson*, 864 F.2d at 1221.

The Magistrate Judge does not explicitly state why Plaintiff's claims against Guzman for the other eighteen calls were not viable.  But, in any event, Plaintiff's claims against Guzman for the remaining eighteen calls fail for largely the same reason as Plaintiff's claims against Optimum Solar:  Plaintiff failed to allege the existence of an agency relationship between Guzman and the offshore telemarketer who placed the eighteen calls.  *See* R&R 9–10.  Just as Plaintiff failed to allege facts demonstrating that Optimum Solar exercised a right to control the manner and means of the offshore telemarketing campaign, he failed to allege facts demonstrating that Guzman exercised any such control.  *See id.*  Plaintiff's allegations that

Guzman asked whether the telemarketers were polite and told him that they were located "offshore" falls well short of establishing an agency relationship.  *See Cunningham v. Crosby Billing Servs., Corp.*, No. 18-cv-43, 2018 WL 6424792, at *5–6 (E.D. Tex. Oct. 14, 2018), *adopted,* 2018 WL 6424695 (Dec. 5, 2018)) (denying motion for default judgment where the plaintiff "provide[d] no factual support to indicate that [the defendant, a corporate officer,] oversaw day-to-day operations, set company policies, or was a central figure and/or guiding force behind the TCPA violations" (citations omitted)).  The Court "cannot reasonably infer an agency relationship from the mere fact that telemarketing calls were made on behalf of" Guzman.  *See Callier v. SunPath Ltd.*, No. 20-cv-106-FM, 2020 WL 10285659, at *3 (W.D. Tex. Aug. 10, 2020) (citations omitted).

## II. CONCLUSION

Accordingly, the Court **ADOPTS** the R&R, ECF No. 13, as supplemented by this Order, and **ORDERS** that Plaintiff's Corrected Motion for Default Judgment, ECF No. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may **FILE** a First Amended Complaint **no later than April 23, 2024**.  If Plaintiff does not timely file a First Amended Complaint, the Court will dismiss the case.

**SO ORDERED.**

**SIGNED this 9th day of April, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE